UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF G.S.D. TRADING U.S.A., INC., as owner/operator of the SPUD BARGE KS-541 and its engines, equipment, tackle, apparel and appurtenances, FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY § § § § § § § § | CIVIL ACTION NO. _____ <br><br> JUDGE _____ <br><br> Rule 9(h) Admiralty |

**VERIFIED COMPLAINT FOR
<u>EXONERATION FROM and/or LIMITATION OF LIABILITY</u>**

TO THE HONORABLE U.S. DISTRICT JUDGE OF SAID COURT:

COMES NOW, Limitation Petitioner, **G.S.D. TRADING U.S.A., INC.**, as owner and operator of the spud barge KS-541, in a civil and maritime cause of action for exoneration from and/or limitation of liability pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty and Marine Claims, and in support thereof would respectfully show unto this Honorable Court as follows:

**I.
<u>JURISDICTION AND VENUE</u>**

1.  This is a case of admiralty and maritime jurisdiction under 28 U.S.C §1333 and is filed pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims & Asset Forfeiture Actions of the Federal Rules of Civil Procedure (the "Supplemental Rules"), all as more fully hereinafter appears.

2.  Limitation Petitioner is, and at all material times hereinafter mentioned was, a Texas corporation doing business in the State of Texas, with its principal place of business located in Channelview, Texas. Limitation Petitioner at all times material hereto was and is the owner and operator of the spud barge KS-541 (the "Vessel").

3.     The Vessel has not been arrested or attached in any District. Limitation Petitioner and Vessel are both located within this District, and as is set forth below, the alleged incident giving rise to potential claims in this action occurred within this District. Accordingly, Limitation Petitioner affirmatively shows that venue is proper in this District pursuant to Rule F(9) of the Supplemental Rules.

4.     Limitation Petitioner first received a claim in writing on or about August 16, 2021, at which time Limitation Petitioner was served with an Original Petition filed by Beau Striedel, which was Limitation Petitioner's first written notice of Beau Striedel's claim; therefore, this Complaint has been timely filed within six (6) months from the date Limitation Petitioner received first written notice of a claim for losses or damages that any person, firm, corporation or other entity alleges to have sustained while the Vessel was on the voyage in question.

## II.
## FACTS GIVING RISE TO LIMITATION PETITIONER'S RIGHT TO EXONERATION FROM OR LIMITATION OF LIABILITY

5.     The Vessel is a 100-foot, all-welded, single-skin, steel-hulled unmanned spud barge regularly utilized in connection with Limitation Petitioner's business operations in and around the waterways of this Federal District. The Vessel's current homeport is Channelview, Texas. Prior to and at all times hereinafter described, Limitation Petitioner exercised due diligence to make and maintain the Vessel and its equipment and appurtenances in all respects seaworthy, and at all times material hereto the Vessel was, in fact, tight, staunch, strong, properly and efficiently manned, supplied, equipped and furnished, and well and sufficiently fitted with suitable machinery, gear, tackle, apparel, appliances and equipment, all in good order and condition and suitable for the service in which the Vessel was engaged.

6.      Beau Striedel (hereinafter referred to as "Striedel") has claimed that he sustained personal injuries while allegedly working aboard the Vessel on or about August 13, 2019 (hereinafter referred to as "the Subject Incident").[1] At the time of the Subject Incident, Striedel claims to have been aboard the Vessel, which was located at the MODA Ingleside Energy facility in Ingleside, Texas, in connection with a short-term dock dredging job being conducted at that location.

7.      The above-described incident, injury, loss, and damages, if any, which in all respects are denied, were done, occasioned and incurred without the privity or knowledge of Limitation Petitioner, or of Limitation Petitioner's management personnel. The Vessel was in all respects seaworthy and Limitation Petitioner had no knowledge of any alleged condition or circumstance that contributed to the purported loss or losses for which claims have been, or may be, made.

8.      Limitation Petitioner desires to contest any liability of it and the Vessel for the damages allegedly sustained by those affected by the events in question and the Subject Incident, and for any and all losses and damages, if any, which occurred during the voyage in question. Limitation Petitioner further claims exoneration from or limitation of liability for any damages sustained by those affected, and for the claim that have been made and those claims which hereafter may be made by any other person, firm, corporation or other entity. Limitation Petitioner would show that it has valid defenses on the facts and on the law to the claims of any present

---

[1] Limitation Petitioner would show that at the time of the Subject Incident, Striedel was not a seaman as that term is understood in law, insofar as he does not and cannot satisfy the test for seaman's status. Instead, he was a maritime worker who was a borrowed servant/borrowed employee of Limitation Petitioner, and was covered by the provisions of the Longshore & Harbor Workers' Compensation Act, 33 U.S.C. §§ 901 *et seq.* (hereinafter sometimes referred to as "the LHWCA") at the time of the incident. Consequently, the claims Striedel has asserted against Limitation Petitioner relative to the Subject Incident are barred by the exclusive liability provisions of the LHWCA, the terms of which provide Striedel with his sole, exclusive and only remedy in this matter.

and/or future claimants. Limitation Petitioner, without admitting but affirmatively denying all liability, further claims the benefit of Limitation of Liability as provided in 46 U.S.C.A. §§ 30501 to 30512, inclusive, Rule F of the Supplemental Rules, and any and all Acts of Congress of the United States amendatory thereof and supplementary thereto, and the rules of practice of this Honorable Court, and is entitled to have its liability, if any, limited to the amount or value of Limitation Petitioner's interest in the Vessel following the events in question.

9. As the condition of the Vessel did not in any way contribute to the damages and injuries alleged by Striedel as described herein (or any other claimant for that matter), and given the fact that Limitation Petitioner also lacked privity and/or knowledge of any alleged unseaworthy condition that is claimed to have caused or contributed to the alleged injuries, losses and damages purportedly sustained in the Subject Incident, Limitation Petitioner as the Owner and/or Operator of the Vessel, is entitled to Exoneration from and/or Limitation of Liability. Therefore, Limitation Petitioner hereby claims the benefit of Exoneration from and/or, in the alternative, Limitation of Liability, as provided by certain laws of the United States; namely, 46 U.S.C. § 30501, *et seq.*

### III.
### AMOUNT OF LIMITATION FUND

10. As per the Condition Value Survey attached hereto as Exhibit A and incorporated herein by reference the same as if set forth at length, the value of the vessel following the Subject Incident was TWO HUNDRED SEVENTY-FIVE THOUSAND AND NO/100 DOLLARS ($275,000.00). As per the Affidavit of Pending Freight, attached hereto as Exhibit B and incorporated herein by reference the same as if set forth at length, the amount of pending freight at the time of the Subject Incident was $0.00. Accordingly, the entire aggregate amount or value

of Limitation Petitioner's interest in the Vessel and its then-pending freight does not exceed the sum of $275,000.00.

11. The amount of the aforesaid claim referenced in Paragraph II(6), above, potentially exceeds the amount and value of Limitation Petitioner's interest in the Vessel immediately after the Subject Incident and at the time of the termination of the voyage.

12. The Vessel operates exclusively within the territorial waters of the United States, and hence is not a "seagoing vessel" within the meaning of 46 U.S.C. § 30506. Accordingly, Limitation Petitioner is not required to post the supplemental amounts of security required by that statute.

13. In connection with this Limitation Complaint, Limitation Petitioner is providing as security for the benefit of all potential claimants, a Stipulation of Value in the amount of $275,000.00, plus interest in the amount of 6% per annum from the date of said Stipulation, and said sum representing its interest in the Vessel, and its gear, tackle, equipment, machinery, appurtenances, etc., and pending freight as of August 13, 2019. This Stipulation of Value is attached as Exhibit C hereto and is incorporated herein by reference the same as if set forth at length. Limitation Petitioner claims entitlement to a credit for any sums previously paid or incurred with respect to the Subject Incident. Limitation Petitioner stands ready and agrees to comply with any other Orders of the Court provided for in Supplemental Rule F with respect to additional security that the Court may from time to time fix as necessary to carry out the provisions of the Limitation of Liability statutes, as amended.

14. If it later appears that Limitation Petitioner is or may be liable and the amount or value of Limitation Petitioner's interest in the Vessel and her then-pending freight, as aforesaid, are not sufficient to pay all losses in full, then claimants shall share *pro rata* in the aforesaid

limitation fund, saving to claimants any rights to priority they may have as ordered by this Honorable Court.

15. All and singular, the premises are true and within the Admiralty and Maritime jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Limitation Petitioner **G.S.D. TRADING U.S.A., INC.** respectfully prays as follows:

(A) That the Court issue an Order approving the Stipulation of Value attached hereto as Exhibit C as security required by Supplemental Rule F(1);

(B) That the Court issue an Order directing the issuance of a Notice to all persons, firms, corporations or other entities who might have any claim arising out of the voyage in question or the Subject Incident, citing them to file their claims with the Clerk of this Court and to serve a copy of said claims upon the attorneys for Limitation Petitioner on or before the time fixed by the Court in the Notice or be forever barred and permanently enjoined from making and filing any such claims, to make due proof of their respective claims before this Court as the Court may later direct, and also to appear and answer the allegations of this Complaint and Petition at or before a certain time to be fixed by the Notice;

(C) That upon approval of the Stipulation of Value tendered as security or upon the giving of such security as may be determined by the Court to be proper, all claims and proceedings against Limitation Petitioner or Limitation Petitioner's property with respect to this matter shall cease;

(D) That the Court issue an injunction enjoining the further prosecution of any action or proceeding against Limitation Petitioner or Limitation Petitioner's property with respect to any claim subject to limitation in this action;

(E) That the Court in this proceeding adjudge the following:

(i) That Limitation Petitioner is not liable to any extent for any loss, injuries or damages of any party in any way arising out of, during, or consequent upon the aforesaid Subject Incident or voyage of the Vessel, and that therefore the Vessel and Limitation Petitioner are exonerated from any and all liability which has been or may be claimed as a result of the events in question; or

  (ii) Alternatively, if Limitation Petitioner shall be adjudged liable, then that such liability be limited to the amount or value of Limitation Petitioner's interest in the Vessel, her engines, tackle, gear, equipment, machinery and apparel, and her then pending freight, at the time of the Subject Incident, and that the money paid or secured to be paid as aforesaid be divided *pro rata* among such claimants as they may duly prove their claims before this Court, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging Limitation Petitioner from all further liability.

(F) That Limitation Petitioner have such other and further relief, both general and special, at law, admiralty or equity, to which it may show itself to be justly entitled.

Respectfully submitted,

**CALVERT EAVES CLARKE & STELLY, L.L.P.**
2615 Calder Avenue, Suite 1070
Beaumont, Texas 77702
Tel: (409) 832-8885
Fax: (409) 832-8886
Email: meaves@calvert-eaves.com

By: _____
Michael K. Eaves, Attorney-in-Charge
Texas State Bar No.: 00787414
Federal I.D. No.: 18764

**ATTORNEYS FOR LIMITATION PETITIONER, G.S.D. TRADING U.S.A., INC.**

7